O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVANTI EZZANI-KOTUN,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF LOS ANGELES, et al.,<br><br>    Defendants. | Case No. CV 13-586-MMM (OP)<br><br>ORDER RE: DISMISSAL OF CIVIL RIGHTS COMPLAINT FOR FAILURE TO PROSECUTE |

**I.**

**PROCEEDINGS**

On February 12, 2013, Plaintiff filed a Civil Rights Complaint ("Complaint"). (ECF No. 3.) On March 13, 2013, the Court ordered service of the Complaint. (ECF Nos. 5, 6.) On June 18, 2013, City of Los Angeles and Los Angels Police Department ("Defendants") filed an Answer to the Complaint. (ECF No. 11.) On July 9, 2013, the Court issued an Order re: Discovery and Motions. (ECF. No. 13.)

On March 19, 2014, Defendants filed a Motion for Summary Judgment ("MSJ"), a Separate Statement of Uncontroverted Facts and Conclusions of Law, and supporting declarations and exhibits. (ECF Nos. 20-21.) On April 2, 2014, the Court issued notice to Plaintiff pursuant to Rand v. Rowland, 154 F.3d 952, 961 n.8 (9th Cir. 1998), Klingele v. Eikenberry, 849 F.2d 409, 411-12 (9th Cir. 1988), and T.W. Electric Service, Inc., v.

Pacific Electric Contractors Association, 809 F.2d 626, 630-31 (9th Cir. 1987). (ECF No. 22.) On May 5, 2014, Plaintiff's copy of the Rand/Klingele notice was returned undelivered with the notation "RETURN TO SENDER-Discharged." (ECF No. 23.) The Court notes that in a related case filed by Plaintiff, Ezzani-Kotun v. City of Inglewood, et al., CV 12-9920-MMM (OP), the Notice of Filing and the Report and Recommendation were also recently returned to the Court as undeliverable with the notation "RETURN TO SENDER-Inactive-2/13/14-Discharged." (CV 12-9920 ECF Nos. 23-26.) To date, Plaintiff has not provided the Court with his current address and has not otherwise communicated with the Court.

The Local Rules of this Court provide in pertinent part that:

> **Dismissal - Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address.** A party proceeding *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any, and e-mail address, if any. If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution.

C.D. Cal. R. 41-6.

For the reasons set forth below, the Court finds that dismissal of this action is warranted for failure to prosecute.

## II.
## DISCUSSION

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash Railroad Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d

734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

Here, Plaintiff has failed to notify the Court of his current address within fifteen days of the service date of the undelivered notice described above as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Id.

In Carey, the Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440.

Here, Plaintiff has failed to provide the Court with his current address and has not otherwise communicated with the Court. Plaintiff's conduct indicates that he does not intend to litigate this action diligently. Thus, these facts weigh in favor of dismissal.

Next, a rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted here. Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable

1  pace and to avoid dilatory and evasive tactics.  See Morris v. Morgan Stanley Co., 942
2  F.2d 648, 652 (9th Cir. 1991).  By failing to provide the Court with his current address,
3  Plaintiff has not discharged this responsibility.  In these circumstances, the public policy
4  favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to
5  provide the Court with his current address.  Thus, the fourth factor weighs in favor of
6  dismissal.

7  Finally, the Court attempted to avoid dismissal in his related case.  However, the
8  mail in that case as well as the Rand/Klingele notice in this case were returned indicating
9  that Plaintiff was discharged from custody on February 13, 2014.  Plaintiff has not
10 informed the Court of his current address and has not otherwise communicated with the
11 Court.  Thus, the fifth factor weighs in favor of dismissal.

12 Based on the foregoing, the Court finds that dismissal of this action is warranted
13 for failure to prosecute.

### III.
### ORDER

IT IS THEREFORE ORDERED that the Complaint is hereby dismissed without prejudice for failure to prosecute, and Judgment shall be entered accordingly.

DATED: May 22, 2014

_Margaret M. Morrow_
HONORABLE MARGARET M. MORROW
United States District Judge


Presented by:

_/s/ Oswald Parada_
HONORABLE OSWALD PARADA
United States Magistrate Judge